# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ANNIE PEARL RASH**     **PETITIONER**

**V.**     **NO. 2:10CV056-B-A**

**THE STATE OF MISSISSIPPI, et al.**     **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Annie Rash, inmate number 42624, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court *sua sponte* finds that the petition should be dismissed.

### A. *Factual and Procedural Background*

On April 9, 2010, Rash filed her petition in this court challenging a 2006 state conviction for uttering forgery. Rash included information in her petition which indicated she has not exhausted state court remedies.

### B. *Exhaustion*

It is well-settled that a state prisoner seeking habeas corpus relief in federal court must first exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Accordingly, when a petitioner challenges the loss of earned time, the state courts should have the first opportunity to review this claim and provide any necessary relief. *See Walker v. Miss. Parole Bd.*, 333 Fed. Appx. 843, 844, 2009 WL 1685142 at *1 (5th Cir. Jun. 16, 2009) (district court properly declined to construe a 1983 complaint as a habeas petition because inmate failed to exhaust state court remedies).

Given her admitted failure to present her claims to the State's highest court, the court finds that the Petitioner has not pursued or followed through with the pursuit of the remedies available to her in State court. Since Rash has not exhausted state court remedies, this federal habeas petition is premature and will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of May, 2010.

/s/ Neal Biggers
_____
NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE